# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **IVAN TORRES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-00552-JED-TLW** |
| | ) | |
| **JOHN F. KERRY,** | ) | |
| **Secretary of State of the** | ) | |
| **United States,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND OPENING BRIEF

Dated February 12, 2016

THOMAS LAW FIRM, PLLC
1621 S. Harvard Ave.
Tulsa, Oklahoma 74112
918-289-0150 Phone
918-835-2125 Fax
E-Mail: doug@thomas-law.org

*Attorney for Plaintiff*

# TABLE OF CONTENTS

**Page(s)**

Plaintiff's LCvR 56.1 Statement of Undisputed Material Facts . . . . . . . . . . . . . . . . . . . . 1-6

Statement of Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

Legal Argument and Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Legal Standard of Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Torres has satisfied his burden and is entitled to a passport . . . . . . . . . . . . . . . . . . . . . 9-10

This Court Should give deference to the United States Department of Homeland

Security . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12

The Government has failed to Satisfy its Burden . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

A denial of a passport violates Torres's Right to Travel . . . . . . . . . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES**

Page(s)

*Abimbola v. Clinton*, No. 2012 WL 5420349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **8**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-252 (1986) . . . . . . . . . . . . . . . .   **9,**

*Aptheker v. Sec'y of State, 378 U.S. 500, 507 (1964).* . . . . . . . . . . . . . . . . . . . . . . . .   **13**

*Beltran v. Rivera*, No. 2: 10-CV-24288, 2012 WL 1675477 (S.D. Fla July 6, 2012) . .   **8**

*Celotex,* 477 U.S. at 324. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **9,**

*Cone v. Longmont United Hosp. Ass 'n.,* 14 F .3d 526 (10th Cir. 1994) . . . . . . . . . .   **9,**

*De Vargas v. Brownwell*, 251 F.2d 869, 871 (5th Cir.1958) . . . . . . . . . . . . . . . . . . .   **8**

*Ex parte Cheung Tung , WD. Wash.1923,* 292 F. 997. . . . . . . . . . . . . . . . . . . . . .   **10**

*Hall v. Bellman,* 935 F.2d 1106, 1111 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . .   **9,**

*Kent v. Dulles*, 357 U.S. 116  (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **12**

*Kent v. Dulles*, 357 U.S. 116, 125 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **13**

*Kent v. Douglas*, 357 U.S. 116, 125 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **13**

*Liacakos v. Kennedy*, 195 F. Supp. 630, 631 (D.D.C. (1961) . . . . . . . . . . . . . . . . . .   **8**

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) . . . . . .   **9,**

*Ramirez v. Clinton, 2011 WL 2838173 (D. Minn. July 18, 2011)* . . . . . . . . . . . . . . .   **8**

*Reyes v. Neely*, 264 F.2d 673, 674 (5th Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . .   **8**

*Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir.1985) . . . . . . . . . . . . . . . .   **8**

*Rivera v. Ashcroft*, 394 F. 3d 1129, 1136-37 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . .   **13**

*Rivera v. Ashcroft, 394 F. 3d 1129, 1136-37 (9th Cir. 2005)* . . . . . . . . . . . . . . . . . . **10**

*Roemer v. Pub. Serv. Co. of Colo., 911 F. Supp. 464, 469 (D. Colo. 1996).* . . . . . . . **9,**

*Skidmore v. Swift & Co., 323 U.S. 134 (1944)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

*U. S. v. Ghaloub, 385 F.2d 567 (2nd Cir. 1966)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12, 13**

*U. S. v. Ghaloub, 385 F.2d 567 (C.A.2 (Vt.) 1966)* . . . . . . . . . . . . . . . . . . . . . . . . . **8**

*U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984)* . . . . . . . . . . **11**

*Vance v. Terrazas, 444 U.S. 252, 256 (1980)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

**STATUTES**

**Page(s)**

U.S. Const. amend. XIV, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

8 U.S.C.A. § 1401(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

8 U.S.C. § 1503(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8, 13**

22 C.F.R. § 51.41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

22 C.F.R. § 51.42(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

22 C.F.R. § 51.42(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

**OTHER**

**Page(s)**

LCvR 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

Fed. R. Civ. P Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1, 9**

# EXHIBITS

Ex.    Description

1      November 21, 2012 Tulsa County Court Order (Birth Certificate)

2      Oklahoma Driver's License

3      Birth Affidavit of Maria Fitzpatrick 09/12/2013

4      TCHD Records (Birth State Oklahoma)

5      Official Shot Record

6      Union Kindergarten Report Card

7      Selective Registration Card

8      Voter ID Card

9      Blank Passport Application with Instructions

10     Application for U.S. Passport

11     Receipt of Payment

12     SENTRI Card

13     Patient Information (TCHD)

14     Tulsa Public School Transcript 2003

15     Marriage Certificate

16     Deposition Testimony of Griselda L. Duarte

17     Deposition Testimony of Gloria Gaona

18    School Certificates

19    Deposition Testimony of Fitzpatrick

20    Torres Affidavit

21    September 5, 2013 US Dept. of State Letter

22    Affidavit of Grand Mother (Spanish) (Translated)

23    Civil Registration

24    November 25, 2014 Denial Letter

25    Blank SENTRI Card Application

26    Orta Birth Affidavit

27    Fitzpatrick 09/2012 Affidavit

28    Fitzpatrick 05/2010 Affidavit

29    Report Cards

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IVAN TORRES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No. 14-CV-00552-JED-TLW** |
| | ) |
| **JOHN F. KERRY,** | ) |
| **Secretary of State of the** | ) |
| **United States,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND OPENING BRIEF IN SUPPORT HEREOF**

Pursuant to Federal Rule of Civil Procedure Rule 56(a), Plaintiff, Ivan Torres, moves this court to grant summary judgment in his favor. In support hereof, Plaintiff submits the following:

**PLAINTIFF'S LCvR 56.l**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

The following is "a concise statement of material facts to which the moving party contends no genuine issue of fact exists." LCvR 56.1.

***Ivan Torres is a citizen of the United States of America***

1. Plaintiff is Ivan Torres (Torres). Ex. 2.

2. Torres was born on October 9, 1988. Ex. 1, 2, & 3.

3. Torres was born in a private home located at 3521 E. Virgin Place Tulsa, Oklahoma 74115. Ex. 1, 3, 16, 17, 27 & 28.

4. Leobardo Torres (Father) and Gloria Gaona (Mother) are Ivan Torres's parents.

Ex. 1.

5. The private residence located at 3521 E. Virgin Place Tulsa, Oklahoma is within the boundaries of the United States of America.[1]

6. Ivan Torres is a citizen of the United States of America. Ex. 12.

***Background of Ivan Torres's Parents***

7. Leobardo Torres and Gloria Gaona met and were married in Mexico on or around February 7, 1988. Ex. 15 & Ex. 17 p. 13 & 23.

8. After being married, Leobardo Torres and Gloria Gaona decided to move to the United States seeking work and a better life. Ex. 17.

9. In or around March, 1988 Leobardo Torres came to the U.S. and found work in Houston, Texas. Ex. 17 p 23.

10. A short time later, Gloria Gaona came to Tulsa, Oklahoma and met Maria Fitzpatrick. Ex. 17 p. 28.

11. Maria Fitzpatrick invited Gloria Gaona to come live in her house located at 3521 E. Virgin Place Tulsa, Oklahoma. Ex. 17 p. 40 & Ex. 19 p. 19.

12. Gloria Gaona gave birth to Ivan Torres on October 9, 1988 in the home of Maria Fitzpatrick. Ex. 1, 16, 17 (pp. 51-53); Ex. 19 p. 39; Ex. 20, 22, 29 & 29.

13. Gloria Gaona; Maria and Joseph Fitzpatrick; and Wanda Willock witnessed Ivan Torres' birth. Ex. 17 p. 49 & Ex. 21.

---

[1] The fact that Tulsa, Oklahoma is located in the United States is common knowledge of which this Court should take Judicial Notice.

***Ivan Torres's Tender Years to Adulthood***

14. In his first year of life, Torres began receiving medical care from the Oklahoma Health Department. Ex. 4, 5 & 13.

15. Gloria Gaona was 16 years of age when she gave birth to Torres. Ex. 17 p.12.

16. Gaona had no documentation to show Torres was her child. Ex. 17 p. 69.

17. Gaona did not know how to obtain proof that Torres was her child. Ex. 17 p. 73.

18. Obtaining some documentary proof of parentage as required for enrollment in school, Torres's grand-parents registered his birth in Mexico, though the grandmother under oath testifies that Torres was born in the United States. Ex. 22.

19. Gaona used the Mexican registration to enroll Torres in Oklahoma Public Schools. Ex. 17.

20. Torres's kindergarten teacher observed that Torres knew two languages. Ex. 6.

21. Torres attended school in Tulsa Oklahoma and graduated from Memorial High School in May, 2007. Ex. 6 & 14.

22. Prior to December 2013 Torres has never been to Mexico. Ex. 20.

23. Through his entire life it was commonly known that Ivan Mr. Torres was born in United States. Ex. 16 & 20.

24. Torres has never been told he was born in Mexico. Ex. 20.

25. From May 7, 2007 until present, Mr. Torres has been gainfully employed at *Pacesetters, LLC* located in Tulsa, Oklahoma. Ex. 16.

26. Torres has vowed to defend the United States. Ex. 7 & 20.

27. Torres is a registered voter in Oklahoma. Ex. 8.

28. Torres is a resident of the State of Oklahoma. Ex. 1 & 20.

29. Since October 9, 1988 Ivan Torres has lived as an American Citizen. Ex. 20.

30. Torres has never declared to be a national of Mexico. Ex. 20.

### *Application for a United States Passport Requirements*

31. The U.S. Department of State requires U.S. Passport applicants to provide certain
    documents and Plaintiff Torres has fully complied with the legal requirements. He
    submitted:

    a. "Application For A U.S. Passport," Ex. 9.

    b. Primary "Proof of U.S. Citizenship" in the form of a Certified Birth
       Certificate. Ex. 9.

    c. Secondary "Proof of U.S. Citizenship," including among others the
       following:

       i. Early School Records, Ex. 9, p 2.

       ii. Early Medical Records, Ex. 9, p 2, and/or

       iii. Notarized affidavits (or DS-10, Birth Affidavit).

    d. "Proof of Identity," such as a Driver's license, Ex. 9, p. 2m.

    e. "Recent Color Photograph," Ex. 9, p 2.and

    f. "Fees." Ex. 9, p 2.

### *Ivan Torres Satisfied the State Department's Passport Requirements*

32. Satisfying the U.S. State Department's first requirement Ivan submitted a

completed U.S. Passport Application, Ex. 10.

33. Satisfying the U.S. State Department's second requirement, *Primary* evidence of citizenship, Torres submitted an Oklahoma Birth Certificate. Ex. 1.

34. To satisfy the U.S. State Department's requirement of *Secondary* evidence of citizenship, Torres submitted the following:

   a.  SENTRI Card, Ex. 12.

   b.  Voter Registration Card, Ex. 8.

   c.  Oklahoma Driver's License, Ex. 2.

   d.  Vaccination Records, Ex. 4.

   e.  Official Shot records, Ex. 5.

   f.  Health Department Records, Ex. 13.

   g.  School Records, Ex. 14.

   h.  School Certificates, Ex. 18.

   i.  Birth Affidavit from Maria Fitzpatrick, Ex. 3.

35. To satisfy the U.S. State Department's requirement of Proof of his Identity, Torres provided the following:

   a.  Oklahoma Driver's License. Ex. 2.

   b.  SENTRI Card, Ex. 12 and

36. To satisfy the U.S. State Department's fourth requirement Torres provided a recent color photograph of himself, Ex. 10.

37. Torres paid the required fees as well as extra fees to expedite his application. Ex. 11.

38. Torres is eligible for a United States Passport.

39. U.S. Department of State denied Ivan Torres's application for a U.S. Passport claiming "the evidence does not support a claim of U.S. Citizenship." Ex. 24.

### *United States Department of Homeland Security SENTRI Requirements*

40. Among other requirements the U.S. Department of Homeland Security, requires proof of U.S. Citizenship in order to obtain a SENTRI Card.[2] Ex. 25.

### *Ivan Torres Satisfied the U.S. Department of Homeland Security SENTRI proof of Citizenship*

41. Torres provided the same evidence of citizenship to the U.S. Department of Homeland Security as he did to the U.S. Department of State. Ex. 20.

42. U.S. Department of Homeland Security determined that Torres is a citizen of the United States and approved his application. Ex. 12 & 26.

## STATEMENT OF CASE

Torres was born in his home on October 9, 1988 in Tulsa, Oklahoma. Torres's parents, Mexican citizens, were living in Tulsa, Oklahoma at the time and his father worked as a migrant laborer in Texas. Gloria Gaona, Torres's mother, had accepted an offer of room and board made by Maria Fitzpatrick a U.S. Citizen. Gaona, 16 years of age at the time, was afraid of deportation and being separated from her child, and thus Torres was born in the house where his parents lived. His delivery was facilitated by Maria Fitzpatrick's husband, Jose Fitzpatrick, and a friend, Wanda Willock. Gloria Gaona, Maria Fitzpatrick, Jose

---

[2] SENTRI - The Secure Electronic Network for Travelers Rapid Inspection (SENTRI) provides expedited U.S. Customs and Border Protection (CBP) processing, at the U.S.-Mexico border, of pre-approved travelers considered low-risk.

Fitzpatrick and Wanda Willock witnessed Torres's birth.

Torres grew up with his family in Tulsa, Oklahoma and attended public school through graduation from Memorial High School in May of 2007. Torres's parents have never told Torres that he was born in Mexico, and it has always been commonly known he was born in Tulsa, Oklahoma. Torres has never been told that he was born someplace other than Tulsa, Oklahoma. Torres's parents have always told other family, friends and other third persons that Torres was born in Tulsa, Oklahoma. The common understanding, or reputation, among Torres's family members, including family members in Mexico, is that Torres was born in the United States.

On November 21, 2012, the state court granted Torres's petition for a birth record. This birth record was filed and later issued by the office of vital statistics of Oklahoma. Torres's Oklahoma birth record shows Torres's full name and that he "was born on October 9, 1988, at 11:30 a.m., in the private home of Maria Fitzpatrick, located at 3521 E. Virgin Place, Tulsa, Oklahoma 74115; and that the parentage of Ivan Torres are Gloria Gaona, his mother, and Leobardo Torres, his father." The certificate is embossed with a raised seal. Prior to the events giving rise to this lawsuit, Torres; his family and friends believed Torres to be a U.S. Citizen.

## LEGAL ARGUMENT AND ANALYSIS

Based on the above numerated facts and preliminary discussion, it is unequivocally clear that Torres, as a U.S. Citizen, is entitled to a United States Passport. And as will be shown by the following analysis this Court is asked to rule that Ivan Torres, was born in the United States and as a U.S. Citizen he is entitled to a U.S. Passport. This court should thus

also decree that Torres is the prevailing party and that he is entitled to attorney fees and costs associated with the current litigation.

## I.  *Standard of Review*

"A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a *de novo* judicial determination of the status of the plaintiff as a United States national." *Vance v. Terrazas*, 444 U.S. 252, 256 (1980); *Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir.1985). Even with the *de novo* review, this Court should give great deference to the deliberative decision of Homeland Security. [3]

## II.  *Burden of Proof*

An applicant for a passport initially has the burden to establish that he or she is entitled to a passport by presenting proof of citizenship. The Plaintiff's burden is not stringent and need not be sustained beyond a reasonable doubt, but merely by a fair preponderance of evidence. 22 C.F.R. §§ 51.23, 51.40; *Reyes v. Neelly*, 264 F.2d 673, 674 (5th Cir. 1959); *De Vargas v. Brownwell*, 251 F.2d 869, 871 (5th Cir.1958); *Beltran v. Rivera*, No. 2: 10-CV-24288, 2012 WL 1675477 (S.D. Fla July 6, 2012); *Abimbola v. Clinton*, No. 2012 WL 5420349; *Ramirez v. Clinton*, 2011 WL 2838173 (D. Minn. July 18, 2011); *Liacakos v. Kennedy*, 195 F. Supp. 630, 631 (D.D.C. (1961).  In this case, as will be discussed below, the burden has shifted to the government to show by clear, unequivocal, and convincing evidence either that Torres expatriated himself or that the prior administrative determination by the U.S. Department of Homeland Security, was erroneous. *U. S. v. Ghaloub*, 385 F.2d 567 (C.A.2 (Vt.) 1966).

---

[3] The U.S. Department of Homeland Security has previously determined that Torres is a citizen of the United States.

### III. _Legal Standard For Summary Judgment_

Torres is entitled to summary judgment because "the record taken as a whole could not lead a rational trier of fact to find for" the State Department. _Matsushita Elec. Indus. Co. v. Zenith Radio Corp_., 475 U.S. 574, 587 (1986). The government's evidence in this case is "merely colorable," and "not significantly probative," therefore summary judgment is appropriate and should be granted in Torres's favor. _Anderson v. Liberty Lobby, Inc.,_ 477 U.S. 242, 249-252 (1986). Furthermore, as described by the court in _Cone v. Longmont United Hosp. Ass 'n.,_ 14 F .3d 526 (10th Cir. 1994), "Even though all doubts must be resolved in (the nonmovant's) favor, allegations alone will not defeat summary judgment." _Celotex,_ 477 U.S. at 324. _See also Hall v. Bellman,_ 935 F.2d 1106, 1111 (10th Cir. 1991); _Roemer v. Pub. Serv. Co. of Colo.,_ 911 F. Supp. 464, 469 (D. Colo. 1996).

Summary judgment is appropriate because the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits" show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56, Fed. R. Civ. P. As the U.S. Department of Homeland Security recognized, Torres is a citizen of the United States and therefore entitled to a passport as a matter of law.

### IV. _Torres has Satisfied his Burden and is Entitled to a Passport_

Torres's burden is satisfied because he provided documentary evidence showing he is a United States national. 22 C.F.R. § 51.41. Primary evidence of nationality for a person born in the United States is an official birth certificate filed within one year of the date of birth. 22 C.F.R. § 51.42(a). Alternatively secondary evidence includes but is not limited to medical

records, school records, and other documentary evidence including affidavits of persons having personal knowledge of the facts of birth. 22 C.F.R. § 51.42(b).

Torres must simply demonstrate by a preponderance of the evidence that he was born in the United States. *Rivera v. Ashcroft*, 394 F. 3d 1129, 1136-37 (9th Cir. 2005). He has satisfied his burden. Throughout the application process and this litigation Torres has provided substantial evidence which supports a determination by this court, that he is a United States Citizen - as a matter of law.      Torres satisfied his burden by providing greater evidence of his citizenship than the defendant has offered or rebutted. 22 C.F.R. § 51.41. "For the officers to require more conclusive evidence than the petitioner has furnished is to demand proof beyond all doubt and to a moral certainty, and such a requirement would constitute a fundamental error in the application of the law." *Ex parte Cheung Tung, WD. Wash.1923,* 292 F. 997.


## V.  This Court Should Give Deference to the U.S. Department of Homeland Security

The U.S. Department of Homeland Security has previously made a deliberative decision on the issue of Ivan Torres's citizenship; and determined, after its deliberation, that *Ivan Torres is a citizen of the United States*.  Recognizing that the Department of Homeland Security is a cabinet department, the decision by that department is deserving of great difference by the Department of State and this Court.  The level of difference to the Department of Homeland Security decision on Torres's citizenship is even more compelling for the reason that citizenship matters, handled by the United States Citizenship and Immigration Services (USCIS), fall under the realm of the Department of Homeland Security, not the Department of State.

Under Chevron, *U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), the deliberative decision by the Department of Homeland Security that Ivan Torres was a citizen of the United States should be given "controlling weight unless . . . [it is] arbitrary, capricious, or manifestly contrary to the statute." Id at 844. If the Department of Homeland Security's deliberative decision is not given Chevron difference, it should at least be given Skidmore difference. *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). In *Skidmore*, the Court recognized that a decision by an agency such as Department of Homeland Security, "by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Id at 140.

The Court then added. "The weight of such judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all these factors which give it power to persuade, if lacking power to control. Id. The Department of Homeland Security has the power to control; and a deliberative decision by that Agency, that Ivan Torres is a citizen of the United States, is deserving of the greatest level of difference by this Court. After all, the Department of Homeland Security, an agency created by Congress after the "9/11" attack, is charged with the responsibility of insuring protection to America and her citizens. It is not likely that this Agency would determine that Ivan Torres was a citizen of the United States, without careful consideration and deliberation. And with this determination of citizenship, Ivan Torres is entitled to all "the privileges or immunities of citizens of the United states." These guaranteed "privileges or immunities" include the right to travel and a passport issued by the Department

of State.

In considering the level of difference to be extended to the Department of Homeland Security decision that Ivan Torres is a citizen of the United States, this Court is urged to consider the teachings of the Court, in *Kent v. Dulles*, 357 U.S. 116 (1958), which held that the Secretary of State "was not authorized to deny the passports" to the plaintiff. The Court recognized: "The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law." Id at 126. In addition, the Court held: "Where activities or enjoyment natural and often necessary to the wellbeing of an American citizen, such as travel, are involved, we will construe narrowly all delegated powers that curtail or dilute them." Id at 129.

## VI. The Government has Failed to Satisfy its Burden

In light of the United States Department of Homeland Security's determination that Torres is a citizen of the United States, this Court should also recognize that the burden of proof shifted to the government, to prove either that claimant has expatriated himself or that the prior administrative determination was erroneous by clear, unequivocal, and convincing evidence. *U. S. v. Ghaloub*, 385 F.2d 567 (2nd Cir. 1966). In this case, however, the government relies on a single document, a Mexican Civil Registration, filed by Torres's grandparents.[4] As further discussed below the United States Department of Homeland Security granted Torres a SENTRI Card, and in so doing determined that Torres is in fact a citizen of the United States. This

---

[4] The government took the deposition of the grandmother who offered a simple and rational explanation for the Mexican Civil Registration, that Torres's mother needed some documentary proof that she was in fact Torres's mother.

determination shifts the burden to the government to prove by clear, unequivocal, and convincing evidence either that claimant has expatriated himself or that the prior administrative determination was erroneous. *U. S. v. Ghaloub*, 385 F.2d 567 (2nd Cir. 1966).


## VII.    A Denial of a Passport Violates Torres's Right to Travel

Any "person born in the United States, and subject to the jurisdiction thereof . . . shall be nationals and citizens of the United States at birth." U.S. Const. amend. XIV, § 1; 8 U.S.C.A. § 1401(A). Any person who claims to be a United States Citizen and is denied a "right or privilege ... upon the grounds that he is not a national of the United States" may sue "for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a). In this case plaintiff was born in the United States; claims to be a United States Citizen; and has been denied his constitutional right to travel contrary to *Kent v. Dulles*, 357 U.S. 116, 125 (1958). The denial of a passport, given existing domestic and foreign laws, is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel. *Kent v. Douglas*, 357 U.S. 116, 125 (1958); *Aptheker v. Sec'y of State*, 378 U.S. 500, 507 (1964). It is well recognized world-wide, that citizenship of the United States is a very precious right. Citizens very frequently though have a great difficulty proving their status due to uncertainties of birth records. And, as explained in *Rivera v. Ashcroft*, 394 F. 3d 1129, 1136-37 (9th Cir. 2005), this circumstance should not lead to a lack of stability of citizenship because, if it did, many legitimate citizens of the United States would be deprived of their citizenship.

## CONCLUSION

The United States Department of Homeland Security has determined that Ivan Torres is a

citizen of the United States of America. This determination is deserving of great deference and further shifts the burden of proof to the government. In this case Torres has proven by a greater weight of the evidence that he is a citizen of the United States. The government however, has failed to meet their burden to prove that the United States Department of Homeland security's determination is erroneous by clear, unequivocal, and convincing evidenced. Accordingly Torres possesses all the constitutionally guaranteed rights as do all American citizens including the Right to Travel. Therefore Ivan Torres requests judgment in his favor and against Defendant as follows:

1.  Enter an order declaring that Plaintiff is a United States Citizen and is entitled to proof of his citizenship in the form of a United States Passport; and

2.  Award plaintiff the costs of this litigation and a reasonable attorney fee.


Respectfully submitted,

*s/William D. Thomas*
William D. Thomas, OBA 21554
THOMAS LAW FIRM, PLLC
1621 S. Harvard Ave.
Tulsa, Oklahoma 74112
918-289-0150 Phone
918-835-2125 Fax
E-Mail: doug@thomas-law.org

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2016, I electronically filed the foregoing joint motion for a protective order with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

DURWOOD "DERRY" H. RIEDEL
Attorney-in-charge
Texas Bar No. 1109993
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-3074
Facsimile: (202) 305-7000
E-mail: durwood.h.riedel@usdoj.gov

WYN DEE BAKER, OBA #465
Assistant U.S. Attorney
U.S. Attorney's Office NDOK
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1013
Telephone (918) 382-2700
Facsimile (918) 560-7939
Wyndee.baker@usdoj.gov

Attorneys for Defendant


*s/ William D. Thomas*
William D. Thomas
*Attorney for Plaintiff*