# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IVAN TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-552-JED-TLW |
| | ) |
| JOHN F. KERRY, | ) |
| Secretary of State of the United States, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is plaintiff's Motion for Summary Judgment and Opening Brief (the "Motion") (Doc. 28), which defendant has opposed (Doc. 32). Plaintiff brought this lawsuit against defendant United States Secretary of State John Kerry under 8 U.S.C. § 1503(a), seeking a declaratory judgment that he is a United States citizen entitled to a United States passport. For the reasons set forth below, the Court finds that plaintiff's Motion should be denied.

**I.    Background**

The following facts are either undisputed or are viewed in the light most favorable to defendant, the non-movant.

On or about June 10, 2013, plaintiff applied to the United States Department of State for a United States passport. (Doc. 29-10). In support of his application, plaintiff submitted a Court Order, from case PMI-2012-2, *In re the Matter of Ivan Torres' Petition for Record of Birth*, dated November 21, 2012, stating that plaintiff was born in October 1988 in Tulsa, Oklahoma. The Order is accompanied by a document issued by the Oklahoma Department of Vital Statistics, which provides: "This is a true and correct copy of the official record on file in the Office of Vital Statistics, Oklahoma City, Oklahoma, certified on the date stamped." (Doc. 29-1). Plaintiff also

submitted the following documentation in support of his passport application: a Secure Electronic Network for Travelers Rapid Inspection ("SENTRI") card,[1] an Oklahoma voter registration card, an Oklahoma driver's license, vaccination records, official shot records from the Tulsa Health Department from 1989 through 2004, Health Department records, high school transcripts, school certificates, and a birth affidavit from Maria Fitzpatrick. (Doc. 29, ¶ 34). The birth affidavit states that Ms. Fitzpatrick witnessed plaintiff's birth at her home in Tulsa, Oklahoma. (Doc. 29-3).

On November 25, 2014, the United States Department of State issued a letter to plaintiff informing him that his application had been denied. (Doc. 29-24). The letter provided the following grounds for the denial: (1) the records provided by plaintiff were insufficient to support his claim of U.S. citizenship, and (2) the Department of State had discovered, in its investigation, the existence of plaintiff's Mexican birth certificate stating that he was born in Guerrero, Mexico, on October 9, 1988. (*Id.*). The Mexican birth certificate was issued on April 6, 1989. (*Id.*). Plaintiff maintains that his grandparents registered his birth in Mexico in order to obtain proof of parentage for his school enrollment. (Doc. 28, ¶ 18).

**II.     Legal Standard**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A fact is 'material' only if it might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. There is no genuine issue of material fact "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

---

[1] SENTRI is a United States Customs and Border Protection program that allows individuals who qualify for participation to travel in a dedicated commuter lane along the United States-Mexico border.

for that party." *Id.* at 249. The district court thus must determine "whether the evidence presents a sufficient disagreement [about that material fact] to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence should be taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

"Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ." *Id.* "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In a § 1503 action, the burden is on the applicant to prove that he is a U.S. citizen. 22 C.F.R. § 51.40. Accordingly, plaintiff bears the burden of proving there is no genuine issue of material fact regarding his citizenship.

### III. Discussion

Plaintiff argues that he is entitled to summary judgment on the following grounds: first, he has provided sufficient evidence to demonstrate that he is a United States citizen; second, that the Court should defer to the United States Department of Homeland Security because it issued plaintiff a SENTRI card; and third, that the burden of proof has shifted to defendant, which has failed to satisfy its burden. Each contention is addressed in turn below.

#### A. Plaintiff's Citizenship

An individual applying for a United States passport has the burden to establish entitlement to a passport by presenting proof of citizenship. 22 C.F.R. § 51.40. The applicant must provide documentary evidence that he is a United States national in order to meet this burden. 22 C.F.R. § 51.41. Primary evidence of nationality for a person born in the United States is an official birth

certificate filed within one year of the date of birth. *See* 22 C.F.R. § 51.42(a). An applicant unable to submit primary evidence must provide secondary evidence "sufficient to establish to the satisfaction of the Department that he or she was born in the United States." 22 C.F.R. § 51.42(b). Secondary evidence "includes but is not limited to hospital birth certificates, baptismal certificates, medical and school records, certificates of circumcision, other documentary evidence created shortly after birth but generally not more than 5 years after birth, and/or affidavits of persons having personal knowledge of the facts of the birth." *Id.*

Plaintiff argues he has satisfied his burden by providing documentary evidence of his U.S. nationality. (Doc. 28 at 9-10). Although plaintiff lacked primary evidence, *i.e.*, an official birth certificate, he provided secondary evidence, such as the Tulsa County District Court Order, medical records, school records, his Oklahoma driver's license, SENTRI card, and voter registration card. Plaintiff argues that these documents conclusively demonstrate that he was born in Tulsa, Oklahoma and is therefore a United States citizen. In response, defendant argues that plaintiff cannot survive summary judgment because a genuine issue of material fact exists. (Doc. 32 at 7). Defendant's point has merit. Plaintiff's burden at the summary judgment stage, which he acknowledges in his Motion (Doc. 28 at 9), is to demonstrate that no genuine issue of material fact exists. As stated above, plaintiff must show that he is a United States national in order to show entitlement to a passport. Therefore, the ultimate issue of fact is whether plaintiff was born in the United States or in Mexico.

Viewing the entire record in a light most favorable to defendant, as the Court must, the Court agrees that the existence of plaintiff's valid Mexican birth certificate raises a genuine dispute regarding his place of birth. The Court is unpersuaded by plaintiff's argument that he has satisfied his burden by "providing greater evidence of his citizenship than the defendant has offered or

4

rebutted." (Doc. 28 at 10). This is merely an invitation for the Court to weigh the evidence and make credibility determinations, which the Court may not do at summary judgment. *Anderson*, 477 U.S. at 249. Ultimately, the weight to be given plaintiff's documentary evidence, including the deposition testimony from plaintiff's grandmother regarding his Mexican birth certificate, and the existence of plaintiff's Mexican birth certificate, is a question for the trier of fact. Based on this ground alone, the Court determines that plaintiff's Motion should be denied. Nonetheless, the Court will address plaintiff's remaining arguments.

### B. Plaintiff's SENTRI Card

Plaintiff appears to argue that the Court should defer to the "deliberative decision" by the United States Customs and Border Protection ("CBP"), an agency of the Department of Homeland Security ("DHS"), to issue plaintiff a SENTRI card. Specifically, plaintiff argues that his receipt of a SENTRI card equates to a determination by CBP that plaintiff is a citizen of the United States. (Doc. 28 at 10). In support of this argument, plaintiff has attached a copy of his SENTRI card, which indicates that plaintiff is a U.S. citizen. (Doc. 29-12).

Based on this theory, plaintiff argues that the principle of *Chevron* deference applies. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). In the alternative, plaintiff suggests that the Court should defer to CBP under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1991). But patently absent from plaintiff's Motion are citations to relevant case law or any analysis suggesting that either principle of deference applies to CBP's issuance of a SENTRI card to plaintiff. Nonetheless, the Court finds that neither *Chevron* nor *Skidmore* deference are appropriate here. Both *Chevron* and *Skidmore* deference are only applicable to an agency's interpretation of a statute that it is charged with implementing. *See United States v. Mead Corp.*, 533 U.S. 218, 226-28 (2001). As defendant makes clear, the only agency charged with

issuing a United States passport is the Secretary of State.  *See* 22 U.S.C. § 211a; 22 C.F.R. § 51.5(a).  Thus, the Court cannot determine that the issuance of a SENTRI card—by an agency not charged with issuing passports—constitutes an agency decision that plaintiff is a United States citizen for purposes of obtaining a passport that is deserving of deference.   On the contrary, Congress has made clear that "SENTRI cards are not sufficient to establish citizenship for purposes of issuance of a U.S. passport under part 51 of this chapter."  22 C.F.R. § 53.2(b)(4)(iii).  Further, a SENTRI card is not listed as an acceptable form of documentation demonstrating an individual's proof of citizenship.  *See* 22 U.S.C. § 2705.  In light of the foregoing, plaintiff's argument lacks merit.

Moreover, it appears that plaintiff's SENTRI card was revoked on March 16, 2016, shortly after plaintiff filed this Motion.[2]   (Doc. 32 at 3 n.2).  According to CBP, plaintiff's SENTRI card was revoked because he did not meet CBP requirements.  (Doc. 34-1).  This recent development further undermines plaintiff's argument that CBP's decision to issue plaintiff a SENTRI card is entitled to deference.  As a result, it is clear that plaintiff's SENTRI card constitutes, at most, secondary evidence in support of his passport application.  It is the role of the trier of fact to assess the weight to afford plaintiff's SENTRI card as well as its subsequent revocation.

### C. Burden of Proof

Plaintiff's final argument is that defendant has failed to satisfy its burden of proof and therefore summary judgment in his favor is appropriate.  As discussed previously, plaintiff has the

---

[2]  The Court declines to credit plaintiff's suggestion that defendant played a role in CBP's revocation of his SENTRI card, as it is both unsupported and irrelevant to the Court's determination. (*See* Doc. 34 at 7).  To the extent that plaintiff has alleged a due process violation as a result of the revocation of his SENTRI card, the Court agrees with defendant that such a claim would be properly brought against CBP, which is not a party to this lawsuit.  (*See* Doc. 37 at 1).

burden of proof to demonstrate that he is a United States citizen.  22 C.F.R. § 51.40.  Plaintiff argues that because he has satisfied his burden, the burden has shifted to the government under *United States v. Ghaloub*, 385 F.2d 567 (2d Cir. 1966).  Plaintiff's argument fails for the following reasons.  First, as discussed above, plaintiff has *not* satisfied his burden of proof because there exists a genuine issue of material fact as to his citizenship status.  Second, plaintiff has failed to provide any binding authority that a § 1503 analysis involves a shifting burden of proof.  The only authority cited by plaintiff in support of his argument, *Ghaloub*, involved a removal proceeding and has not been adopted by the Tenth Circuit to extend to § 1503 proceedings.  Accordingly, plaintiff's last argument also fails.

## IV.     Conclusion

For the reasons discussed above, plaintiff's Motion for Summary Judgment and Opening Brief (Doc. 28) is **denied**.

SO ORDERED this 28th day of November, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE