IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IVAN TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 14-CV-552-JED-TLW |
| | ) | |
| REX TILLERSON | ) | |
| Secretary of State of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFF'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

*Introduction*

Ivan Torres (Torres), as a citizen by birth, applied for a United States passport and the United States Department of State (the Department) denied his application because it deemed insufficient, his proffered evidence of birth in the United States. Torres claims his citizenship of the United States as a birth right under the Fourteenth Amendment: "All persons born . . . in the United States . . . are citizens of the United States . . .." The District Court of Tulsa County, on November 21, 2012, made a judicial determination that Torres was born in Tulsa County, State of Oklahoma. And, this judicial determination should be considered final under 28 U.S.C.A. § 1738, the federal Full Faith and Credit Act.

The unrefuted evidence provided at trial proves once again by a preponderance of the evidence that Ivan Torres was born in the United States. Torres filed this lawsuit seeking a declaration from this court that he is a United States Citizen by birth and is entitled to a United States Passport. On September 18, 2017, this case was tried to this Court, the parties agreeing that the only issue for the court to decide was whether Torres was born in Tulsa, Oklahoma, on October 9, 1988. (Pls. Tr. Br.; Dfs. Tr. Br. p. 3). The Plaintiff submitted exhibits and called

witnesses to testify during trial. The Department called no witnesses. A court-certified Spanish-language interpreter translated the questions and answers for Gloria Gaona, Torres's mother, Maria Fitzpatrick, and Griselda Lopez Duarte, Torres's grandmother.

The evidence offered in this case shows that Torres's parents, Gloria Gaona (Gloria) and Leobardo Torres, were married in Mexico in February, 1988, and shortly thereafter, Leobardo Torres went to Texas in the United States as a migrant worker. The undisputed evidence further shows, that Gloria Gaona followed her husband to the U.S. approximately fifteen (15) days later, during April of 1988, when Gloria traveled to Tulsa, Oklahoma. Waiting in front of the IGA, Gloria met Maria Fitzpatrick (Maria). At that time, Maria invited Gloria, homeless at the time, to come live with her in her home, located at 3521 E. Virgin Place Tulsa, Oklahoma. Because Gloria was alone in a foreign country, only 16 years of age, knowing no one and with only limited financial resources, she accepted Maria's offer and moved into her Tulsa home. Then, shortly after moving in with Maria, Gloria discovered she was pregnant.

The uncontested evidence establishes that Torres's parents could not afford medical care or a hospital. Furthermore, as Gloria testified, she was afraid of what might happen if she went to a hospital and because of this fear, she decided to give birth to Ivan at the home of Maria Fitzpatrick in Tulsa, Oklahoma. Delivery of the baby was facilitated by Joseph Fitzpatrick and Wanda Willock, both now deceased and unable to testify at the trial in this litigation. Other than Joseph Fitzpatrick and Wanda Willock and Torres' mother, Maria Fitzpatrick was the only other witness to Torres' Oklahoma birth. At trial before this court, each of these witnesses testified under oath, the facts of the birth of Ivan Torres. In addition to this unrefuted eye witness testimony, the deposition testimony of Pastor Vistor Orta offered cooberating testimony that he observed Gloria Gaona and Maria Fitzpatrick attending his church and recognized that Gloria

was pregnant. Ivan Torres's grandmother, who lives in Mexico testified under oath that her grandson was born in Tulsa, Oklahoma U.S.A. and not in Mexico.

The Department offers no witnesses to rebut the testimony of plaintiff's four (4) primary witnesses. It offers a single document identified as a Mexican birth certificate of Ivan Torres. But the Department would have this court assume the Mexican registry issued this certificate in conformity with the laws of Mexico. There is no evidence that this is an accurate assumption. In addition, the Department would have this court assume, without supporting evidence, assume the smudge purporting to be a fingerprint is that of Torres's fingerprint. The problem with the certificate is that it was not issued contemporaneously with the birth of Torres; it is offered with no authenticating testimony that a smudge is the fingerprint of Ivan Torres. Furthermore Ms. Lopez-Duarte testified that she told the registry that Torres was born in the United States but they incorrectly listed Mexico as Torres's place of birth. Finally the certificate was not filed within the time frame required by the Mexico Law. The certificate was not contemporaneously filed and is not reliable. Absent clear evidence authenticating the Mexican registration, the document offered by the Department should be rejected.

Upon review and consideration of the pleadings, briefs, sworn testimony of witnesses, exhibits, and final arguments, the court should make the following Findings of Fact and Conclusions of Law pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure.

FINDINGS OF FACT

*Stipulations*:

1. Torres is a resident of Oklahoma. (Doc. 67, p.2)
2. Torres was born on October 9, 1988. (Doc. 67, p.2)

3. Leobardo Torres Yanez and Gloria Gaona Lopez are Torres' parents. (Doc. 67, p.2)

4. A Mexican birth certificate exists for Torres, which was filed on April 6, 1989, in Guerrero, Mexico. (Doc. 67, p. 2) But, plaintiff challenges the authenticity of this registration as proof of Torres's birth.

5. Gaona signed Torres' Mexican birth certificate above her printed name. (Doc. 67, p. 2) But, plaintiff challenges the authenticity of this registration as proof of Torres's birth.

6. Griselda Lopez-Duarte signed Torres' Mexican birth certificate above her printed name. (Doc. 67, p. 2) But, plaintiff challenges the authenticity of this registration as proof of Torres's birth.

7. Salvador Gaona Sanchez signed Torres' Mexican birth certificate above his printed name. (Doc. 67, p. 2) But, plaintiff challenges the authenticity of this registration as proof of Torres's birth.

8. On June 10, 2013, Torres applied for a U.S. passport at Defendant's Western Passport center in Tucson, Arizona. (Doc. 67, p. 2)

9. On November 25, 2014, the Defendant denied Torres' U.S. passport application. (Doc. 67, p. 2)

***Background – Family Comes to the United States***:

10. Gloria Gaona is uneducated, having completed only through the "sixth of primary." (Tr. 15)

11. Gloria Gaona was married to Leobardo Torres, plaintiff's father, in February, 1988 in Zacapuato, Mexico. (Tr. 16, 22, 93)

12. Leobardo Torres came to the United States in or around March, 1988. (Tr. 16, 25, 94), and Gloria followed a few weeks later. (Tr. 26)

13. Gloria was only sixteen (16) years of age, in a strange country, with limited financial resources and no place to go. (Tr. 16-17)

14. Standing in front of an IGA grocery store in Tulsa, Oklahoma, Gloria met and became acquainted with Maria Fitzpatrick. (Tr. 16-17) At that meeting, Maria Fitzpatrick invited Gloria to come live in her home, located at 3521 E. Virgin Place Tulsa, Oklahoma. (Tr. 17) Gloria lived with Maria for four to five years. (Tr. 27) This testimony was confirmed by the uncontested testimony of Maria Fitzpatrick. (Tr. 67, 68)

15. The testimony of Maria Fitzpatrick is reliable because it is consistent with her prior testimony in January 2012, over five (5) years earlier. (Def. Tr. Ex. 12, p. 15 Ln. 23-p. 16 Ln. 19) Maria Fitzpatrick earlier testified that Gloria Gaona came into her life in April, 1988 and came to live with her in her house. (Def. Tr. Ex. 12, pp. 15-16) She further confirmed that Gloria Gaona gave birth to Ivan Torres in her house. (Def. Tr. Ex. 12, p. 18)

16. Gloria and Maria attended church together in Tulsa, Oklahoma. (Tr. 17, Orta Dep. Tr. P.14 Lns. 7-11) Gloria Gaona became acquainted with Rev. Orta in the summer of 1988. (Tr. 18, 61)

*The Pregnancy:*

17. Gloria Gaona was not aware she was pregnant with Torres when she came to the United States. (Tr. 16) This testimony is cooberated by the testimony of Ms. Duarte that she did not know Gloria was pregnant when she left Mexico. (Tr. 94)

18. Describing Gloria Gaona at their first encounter, Maria Fitzpatrick describes Gloria Gaona as being "very skinny," and not visibly pregnant. (Tr. 68)

19. Gloria first discovered she was pregnant with Torres in or around May, 1988. (Tr. 16, 18, 32)

20. Pastor Victor Orta described his remembrance of Gloria Gaona, in the summer of 1988, as being pregnant. (Orta Dep. Tr. P. 11 Ln. 20 – p.12 Ln. 6 and p.54 Ln.22 – p.55 Ln. 5)

21. After discovering she was pregnant, Gloria Gaona wrote a letter to her mother in Mexico. (Tr. 94)

22. Gloria had no health insurance and did not see a doctor for prenatal care. (Tr. 18) She also did not have legal immigration status, so she was afraid to go to a hospital. (Tr. 18, 23)

23. Gloria testified that she did not have legal immigration status. (Tr. 23) The Court finds credible Gloria's testimony on this and other topics, especially considering that she knew her admission regarding her undocumented immigration status would put her at risk of legal consequences. (Tr. 23-24)

*The Birth:*

24. On October 9, 1988, Gloria Gaona gave birth to Ivan Torres in Maria's house, located at 3521 E. Virgin Place Tulsa, Oklahoma. (Tr. 17-18) Maria Fitzpatrick cooberated this testimony. (Tr. 68) She further confirmed that Gloria Gaona gave birth to Ivan Torres in her house in an earlier hearing with consistent testimony. (Def. Tr. Ex. 12, p. 18 Lns. 5-7)

25. Maria's husband, Joe Fitzpatrick, and a lady, Wanda Willock, helped Gloria Gaona with the birth of Ivan Torres. (Tr. 18, 35, 69). Joe Fitzpatrick and Wanda Willock now deceased could not be called as witnesses. (Tr. 69).

26. Gloria did not take Torres to the hospital at the time of his birth. (Tr. 18-19).

27. Gloria Gaona did not understand how, and therefore did not register Torres' birth in Oklahoma. (Tr. 19)

28. After giving birth, Gloria sent a letter to her parents in Mexico announcing Torres' birth. (Tr. 19, 94)

29. At Christmas time, 1988, Rev. Orta with the church visited Maria and Gloria's home and there he saw the infant, Ivan Torres. (Orta Dep. Tr. P. 53 Ln. 13 – p.54 Ln. 6. See also Def. Tr. Ex. 12, p. 51)

*Torres' Life in the United States:*

30. Torres' Briarglen Elementary kindergarten report card indicates Torres spoke fluently two (2) languages, indicative of a person born and raised in the United States. (Plf. Tr. Ex. 15) Torres continued to attend Tulsa Public schools through graduation from Memorial High School. (Tr. 126-127; Plf. Tr. Ex. 16)

31. Ivan Torres is gainfully employed and pays his taxes. (Tr. 127)

32. The State of Oklahoma recognized Torres as a United States citizen when it registered Torres to vote. Torres also holds a United States Social Security Card, an Oklahoma Driver's License, and other indicia of U.S. Citizenship. (Plf. Tr. Ex. 6, 7, 10)

33. Ivan Torres is also registered with the Selective Service showing his commitment to the United States. (Plf. Tr. Ex. 8)

34. Ivan Torres traveled to Mexico for the first time in 2014 and a second time in 2015. (Tr. 122)

*Federal Government has previously declared Torres a United States citizen:*

35. Ivan Torres applied to the United States Department of Homeland Security for a SENTRI Card. (Tr. 123) A SENTRI is a U.S. Customs and Boarder Protection (CBP) program that

allows expedited clearance for pre-approved, low risk travelers upon arrival in the United States. (Def. Trl. Brf. Doc. 63, p. 7)

36. For approval of a SENTRI card, Torres was required to prove that he was a U.S. citizen. (Tr. 124) After reviewing the evidence of Torres's U.S. citizenship, the United States Department of Homeland Security declared Torres a United States citizen, by the issuance of the card, Torres used the SENTRI Card to travel to Mexico. (Tr. 124 and Plf. Tr. Ex. 9).

37. Torres's SENTRI card was revoked only after Torres the commenced this litigation and the filing his motion for summary judgment.

*Tulsa County District Court Order is entitled to Full Faith and Credit*

38. On November 21, 2012, pursuant to 63 Okla. Stat. § 1-315, Torres received a Birth Record in the District Court in and for Tulsa County, State of Oklahoma. The court determined through judicial proceedings and evidence presented that "Ivan Torres was born on October 9, 1988 at 11:30 a.m., in the private home of Maria Fitzpatrick, located at 3521 E. Virgin Place, Tulsa, Oklahoma 74115; and that the parentage of Ivan Torres are Gloria Gaona, his mother, and Leobardo Torres, his father." That court order was then accepted by the Oklahoma Office of Vital Statistics as a judicially determined Record of Torres's Birth. (Plf. Tr. Ex. 17)

*The Oklahoma Health Department and The Mexican birth certificate:*

39. When Torres was approximately six (6) months old, Gloria took him to the Tulsa County Health Department for shots, but was turned away by the Health Department because she had no document proving Torres was her child. (Tr. 20, 38) After being turned away, Gloria turned to her mother, through a letter, for advice. (Tr. 20, 40, 41) It was at this

point in time that Torres's Grandmother obtained the Mexico Birth Registration as proof that Torres was Gloria's son.

40. It was only after Gloria was turned away by the Health Department that Ms. Lopez-Duarte began the registration process in Mexico to gain proof of birth. (Tr. 20, 38, and Def. Tr. Ex. 1)

41. Gloria verbally told the Oklahoma Health Department that Torres was born in Tulsa, Oklahoma. (Tr. 20-21) This testimony is consistent with the Oklahoma Health Department's records which indicate Torres was born in Tulsa, Oklahoma. (Plf. Tr. Ex. 11, 12)

42. After the Mexican birth certificate was received, Gloria provided it to the Oklahoma Health Department to prove that Ivan Torres was her child. (Tr. 20) This testimony is consistent with the Oklahoma Health Department's records. (Plf. Tr. Ex. 14)

43. Ivan Torres received his first "DTP" vaccination from the Oklahoma Health Department on October 6, 1989. (Plf. Tr. Ex. 13)

44. The Mexican birth certificate was filed on April 6, 1989, in Guerrero, Mexico by Griselda Lopez-Duarte. (Doc. 67, p. 2, Tr. 95-96)

45. Griselda Lopez-Duarte told the people at the registry office that Ivan Torres was born in the United States. (Tr. 96)

46. The Mexican birth certificate was filed to obtain documentation that Ivan was Gloria's child. (Tr. 20, 40).

47. The Mexican birth registration was not filed until six (6) months after Ivan's birth and this cooberates Gloria's testimony that the Oklahoma Health Department would not treat

her baby, approximately six (6) months old, because she had no documentation that Ivan was her child. (Tr. Ex. 1).

48. Torres' father did not register Ivan Torres' birth with the Mexican civil registry within fifteen (15) days of Ivan's birth as required by the Mexican Civil Code. (Def. Tr. Ex. 6)

49. Torres' mother did not register Ivan Torres' birth with the Mexican civil registry within forty (40) days of Ivan's birth as required by the Mexican Civil Code. (Def. Tr. Ex. 6)

50. The Mexican birth certificate, registered for Ivan Torres was not filed contemporaneously with Ivan Torres' birth. (Def. Tr. Ex. 6)

51. Ivan Torres was not present at the registration office when the Mexican birth certificate was filed. (Tr. 96)

52. The Mexican birth certificate was sent to Gloria in Oklahoma for signature. (Tr. 41) Gloria signed the Mexican birth certificate at Maria's house in Tulsa, Oklahoma. (Tr. 20)

53. *There is no evidence* supporting the conclusion that the *smudge* in the lower left corner of defendant's exhibit one (1) is a fingerprint, much less the fingerprint of Ivan Torres.

### *The Common Understanding or Reputation*

54. Ivan Torres was born October 9, 1988. (Tr. 122, Doc. 67 p. 2)

55. Ivan Torres believes he was born in Tulsa, Oklahoma. (Tr. 122)

56. Gloria has never told Torres he was born in Mexico. (Tr. 21, 122)

57. Gloria has never told anyone that Torres was born in Mexico. (Tr. 21, 69)

58. As a child Torres had never been to Mexico. (Tr. 21)

59. Ivan Torres has never claimed citizenship in Mexico. (Tr. 122) He claims to be a citizen of the United States by birth.

60. The common understanding, and reputation among Torres' family members, including family members in Mexico, is that Torres was born in the United States. (Tr. 21, 69)

61. Gloria Gaona has always told Torres that he was born in Tulsa, Oklahoma. (Tr. 21) No evidence was introduced during trial that Torres' parents had ever told Torres he was born someplace other than Tulsa, Oklahoma, including Mexico. (Tr. 69)

62. Gloria Gaona has never told anyone that Torres was born in someplace other than Tulsa, Oklahoma, including Mexico.

63. The first time Griselda Lopez-Duarte ever saw her grandson, Ivan Torres, was when she received her Visa to visit the United States, in the year 2000. (Tr. 97). At this time, Ivan Torres was an adult.

*Plaintiff's Witnesses are Credible:*

64. The Department offers no fact witnesses to rebut the testimony of Torres' credible witnesses. Torres's evidence is therefore uncontested and it is reasonable to conclude that Torres's evidence satisfies his preponderance of the evidence standard.

65. The quality of Gloria Gaona's recollection appeared normal for a person her age recalling events that occurred twenty-nine (29) years earlier.

66. The quality of Maria Fitzpatrick's recollection appeared normal for a person her age recalling events that occurred twenty-nine (29) years earlier.

67. The quality of Ms. Griselda Lopez Duarte's recollection appeared normal for a person her age recalling events that occurred twenty-nine (29) years earlier.

68. Gloria Gaona's, Maria Fitzpatrick's, and Ms. Griselda Lopez Duarte's testimony is consistent with each of their testimony given on January 11, 2012 indicative of honesty and reliability.

69. The Court finds credible each of the witnesses who testified at trial.

70. The preponderance of the evidence indicates that Plaintiff, Ivan Torres was born in Tulsa, Oklahoma, on October 9, 1988.

71. Due to health concerns with her second child's pregnancy, Gloria returned to Mexico December of 1989 or January, 1990. (Tr. 21, 54, 56) Torres was left in the care of Maria Fitzpatrick. (Tr. 21)

72. Gloria returned to the United States in May or June of 1990. (Tr. 54).

CONCLUSIONS OF LAW

1. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

2. The statements, remarks and arguments of the attorneys are intended to help this Court in understanding the evidence and applying the law, but these are not evidence. Since any statement, remark or argument of an attorney has no basis in evidence, such should be disregarded by the trier of fact.

3. All persons born in the United States and subject to the jurisdiction thereof are citizens of the United States. U.S. Const. amend. XIV, § 1; 8 U.S.C. § 1503(a).

4. Any person who claims to be a United States citizen and is denied a "right or privilege ... upon the grounds that he is not a national of the United States" may sue "for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a).

5. In a claim under 8 U.S.C. § 1503, the court makes a de novo determination of citizenship. *Vance v. Terrazas*, 444 U.S. 252, 256 (1980); *Richards v. Secretary of State, Dept. of State*, 752 F.2d 1413, 1417 (9th Cir. 1985).

6. An applicant for a passport has the burden to establish that he or she is entitled to a passport by presenting proof of identity and citizenship. See 22 C.F.R. §§ 51.23, 51.40. Torres, as the petitioner, bears the initial and the ultimate burden of proving his citizenship by a preponderance of the evidence. *Reyes v. Neelly*, 264 F.2d 673, 674 (5th Cir. 1959); *Beltran v. Rivera*, No. 2:10-CV-24288, 2012 WL 2675477, at *3 n.1 (S.D. Fla. July 6, 2012); *Ramirez v. Clinton*, No. 08-5770, 2011WL2838173, at *4 (D. Minn. July 18, 2011); *Liacakos v. Kennedy*, 195 F. Supp. 630, 631(D.D.C.1961).

7. To meet his burden, Torres must provide evidence that he is a United States Citizen; and where primary evidence is not available, secondary evidence may be used, including "hospital birth certificates, baptismal certificates, medical and school records, certificates of circumcision, other documentary evidence created shortly after birth but generally not more than 5 years after birth, and/or affidavits of persons having personal knowledge of the facts of the birth." 22 C.F.R. § 51.42(b). The Department's regulations are instructive but do not bind the court; there is no list of specific documents that must be used. *A petitioner must simply demonstrate by a preponderance of the evidence that he was born in the United States*. (Emphasis added) *Ramirez v. Clinton*, No. 08-5770, 2011 WL 2838173, at *4 (D. Minn. July 18, 2011); *Rivera v. Albright*, No. 99 C 328, 2000 WL 1514075, at *1 (N. D. Ill. Oct.11, 2000)).

8. The Department's regulations permit plaintiff to submit various forms of evidence to prove U.S. citizenship. While a contemporaneous birth certificate is the preferred form of evidence to establish citizenship, it is not the exclusive form of evidence the Department is willing to consider and accept regarding a petitioner's claim of U.S. citizenship. The regulations make clear by specifying examples of various acceptable alternative forms of

evidence. From this the court concludes that the Department intends its regulations be considered in the context of the specific case, that each piece of evidence be evaluated for its authenticity and reliability, and that determination of whether a plaintiff has met the preponderance burden, the Court looks to the totality of all the evidence submitted.

9. Torres' evidence at trial was of a type contemplated in the Department's regulations as sufficient to establish citizenship. He produced uncontested eye witness testimony, Oklahoma birth record, immunization records, and school records. The authenticity and reliability of these documents were not challenged at trial. What could be stronger than eye witness testimony?

10. Torres' reputation among his family that he was born in the United States is admissible and is probative. See Fed. R. Evid. 803(19); *United States v. Jean-Baptiste*, 166 F.3d 102, 110 (2d Cir. 1999). "[T]here is a special need for this type of evidence," because, as here, "[o]ther evidence of family matters is frequently unavailable, and it is likely that these matters have been sufficiently inquired about and discussed with persons who have personal knowledge so that a trustworthy consensus has been reached." 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Rules of Evidence for the United States Courts*,§ 803.21 [1] (2d ed. 2010).

11. In an action for declaration of United States citizenship, evidence to establish that right must be weighed in light of plaintiff's ability to produce evidence and the preponderance burden.  *Lee Pong Tai v. Acheson*, E.D.Pa.1952, 104 F. Supp. 503

12. A *contemporaneously* filed Mexican birth certificate creates a presumption that the person is an alien. (emphasis added) *Rivera v. Albright,* No. 99 C 328, 2000 WL 1514075, at *1 (N. D. Ill. Oct.11, 2000), citing *United States ex rel. Rongetti v. Neelly,*

207 F.2d 281, 284 (7th Cir. 1953). This presumption continues until plaintiff proves the contrary. *See Corona-Palomera v. INS,* 661 F.2d 814, 818 (9th Cir.1981 ), as Torres has done in this case. A delayed birth certificate is given "less weight" than a contemporaneous birth certificate. *Liacakos v. Kennedy,* 195 F. Supp. 630, 632 (D.D.C. 1961).

13. Contemporaneous is defined by Black's Law Dictionary as "Living, occurring, or existing at the same time." Black's Law Dictionary 384 (10th ed. 2014). The Mexican registration was not filed at the "same time" as Ivan Torres's birth.

14. Furthermore, the Mexican registration was not contemporaneously filed because it was not filed by the father within fifteen (15) days of Ivan's birth, and was further not filed, by the mother, within forty (40) days of Ivan's birth, as required by the Mexican civil code for the Free and Sovereign State of Guerrero. (Def. Tr. Ex. 6, p 7, also see Def. Tr. Ex. 1, p. 2)

15. The Mexican registration was not filed contemporaneously with Ivan Torres's birth.

16. The Mexican registration is defective because Ivan Torres was not present at the registry office at the time of the registration. It is further defective because Ms. Lopez-Duarte told the registry office that Torres was born in the United States and they incorrectly listed Mexico as Torres's place of birth.

17. Torres produced evidence at trial sufficient to overcome any presumption of alienage created by the Mexican registration. At trial Torres's mother and grandmother provided a credible explanation for the existence of the Mexican registration and credible testimony regarding the circumstances giving rise to its creation. Based on their demeanor at trial

and the manner of testifying the court should find Duarte's and Gaona's testimony highly credible.

18. Under the Full Faith and Credit Act, 28 U.S.C.A. § 1738, the District Court of Tulsa County, State of Oklahoma adjudged that Ivan Torres was born on October 9, 1988 at 11:30 am, in the private home of Maria Fitzpatrick, located at 3521 E. Virgin Place, Tulsa, Oklahoma. This being a "judicial proceeding . . .[it] shall have the same Full Faith and Credit in every court within the United States." See *Mah Toi v. Brownell*, 219 F.2d 642, 643 (9th Cir. 1955).

19. The Court factors into its analysis that a plaintiff's mother has always told him he was born in the United States. *See Ramirez v. Clinton,* No. Civ. 08-8770-DSD/JSM, 2011 WL 2838173, at *4 (D. Minn. July 18, 2011) (finding similar statements were admissible and probative of plaintiff's place of birth); *Beltran v. Rivera,* No. 2:10-CV-24288, 2012 WL 2675477, at *3 n.2 (S.D. Fla. July 6, 2012), citing *Ramirez* for same. Additionally, the court considers reputation among the petitioner's family and in the community that he or she was born in the United States. *U.S. v. Jean-Baptiste*, 166 F.3d 102, 110 (2d Cir. 1999) ("[T]here is a special need for this type of evidence," because, as here, "other evidence of family matters is frequently unavailable, and it is likely that these matters have been sufficiently inquired about and discussed with persons who have personal knowledge so that a trustworthy consensus has been reached."). Statements of family members about matters of family history are "generally presumed to be truthful." *U.S. v. Palomares. Munoz,* 2001 WL 219951, at **1 (9th Cir. 2001), citing FED. R. EVID. 803(19) ("a reputation among a person's family ... or among a person's associates in the community ... concerning the person's birth ... "is not hearsay).

20. There was no evidence offered at trial that Torres had been told by anyone that he was born in Mexico and no evidence reasonably suggests that any of the witnesses were untruthful on this point. The court should reject the Department's contention without proof that the testimony of Torres's family members and close friends is not credible because they are "interested witnesses" and "potentially biased." Nothing in the witnesses' demeanor or testimony reasonably suggested that any of them were being untruthful in their testimony. They were all testifying under oath and subject to perjury. The single fact of a familial relationship cannot by itself undermine the credibility of these witnesses' testimony. Otherwise that would effectively nullify Federal Rule of Evidence 803(19), which recognizes as admissible evidence to establish a person's place of birth the testimony of the person's family. Thus, Torres's testimony that his parents, relatives, and family friends have always told him that he was born in the United States, as well as the corroborating testimony of his family and family friends, further supports his and his parents' statements that he was born in the United States, and is credible and probative on this point.

21. Viewing the evidence as a whole, the court should conclude that Torres has met his burden to show by a preponderance of the evidence that he was born in the United States.

22. Ivan Torres is a United States citizen, by birth, and he has proven this conclusion of law in this court of law.

23. Having established he was born in the United States and is a United States citizen, Torres is entitled to a United States passport.

CONCLUSION

Plaintiff's evidence fits together into a composite of reliability showing that Gloria Gaona was present in the United States before Ivan Torres's birth. That after taking up residence in the home of Maria Fitzpatrick, Gloria Gaona gave birth to Ivan Torres at home, located at 3521 E. Virgin Place Tulsa, Oklahoma. Then, when Ivan Torres was six (6) months old he was turned away from the Tulsa County Health Department because his mother had no documentation proving that he was her child. This refusal being one of a couple of reasons a registration was filed in Mexico. The six (6) month time frame is important because the registration was filed six (6) months after Ivan Torres's birth. As the witnesses explained in satisfactory detail, the common understanding and reputation is that Ivan Torres was born in Tulsa, not in Mexico. He was born in a private home located at 3521 E. Virgin Place Tulsa, Oklahoma, United States of America.

The Defendant's position that Ivan Torres was born in Mexico should be rejected. The existence of a non-contemporaneously filed Mexican birth certificate is not enough to raise a presumption of alienage, nor is it enough to swing the scales in the Defendant's favor. Ivan Torres has satisfied his burden of proof by a preponderance of the evidence, that he was born in the United States and is therefore a United States citizen, and entitled to the issuance of a United States passport. Thus Plaintiff requests this Court enter judgment in his favor and all such relief that may be appropriate.

Respectfully submitted,

THOMAS LAW FIRM, PLLC


/s/ William D. Thomas_____
William D. Thomas, OBA# 21554
1621 So. Harvard Ave.
Tulsa Oklahoma 74112
(918) 289-0150
FAX NO.:918/835-2125
getwdt@gmail.com  E-mail

## CERTIFICATE OF SERVICE

I certify that on November 28, 2017, I electronically filed this Trial Brief with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

Manning Evans
Attorney-in-charge
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-3074
Facsimile: (202) 305-7000
E-mail: manning.evans@usdoj.gov

WYN DEE BAKER, OBA #465
Assistant U.S. Attorney
U.S. Attorney's Office NDOK
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1013
Telephone (918) 382-2700
Facsimile (918) 560-7939
Wyndee.baker@usdoj.gov

Attorneys for Defendant

                                      *s/ William D. Thomas*
                                      William D. Thomas
                                      *Attorney for Plaintiff*